IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KALYN STEPHENS,<br><br>        Plaintiff,<br><br>v.<br><br>HRTBH ARBORS, LLC, et al.,<br><br>        Defendants. | CIVIL ACTION FILE NO.<br><br>1:15-CV-01251-TWT-JFK |

**FINAL REPORT AND RECOMMENDATION**

Plaintiff Kalyn Stephens has filed a notice of removal from the Magistrate Court of DeKalb County. [Doc. 1]. The court has the responsibility "to review [the] notice of removal to determine whether it meets the requirements of the statute." Alabama v. Baker, 222 F. Supp. 2d 1296, 1297-98 (M.D. Ala. 2002). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," 28 U.S.C. § 1447(c) (amended 2011) requires that "the case shall be remanded." Upon making this review, the court finds that the notice of removal does not meet the requirements of the statute. The court, therefore, recommends that this action be remanded to the DeKalb County Magistrate Court.

AO 72A
(Rev.8/82)

**I.      Background Facts**

On March 11, 2015, THARBORS BH Management Services, LLC, the owner of the real property commonly known as 525 Arbor Circle, Tucker, Georgia 30084, filed a dispossessory proceeding against Stephens in the Magistrate Court of DeKalb County, Georgia (Dispossessory Warrant, Civil Action No. 15D41243), indicating that Stephens owed rent that was due.  [Doc. 1-3 at 4 ].  Stephens filed counterclaims and then filed a notice of removal from the Magistrate Court of DeKalb County. THARBORS BH Management Services, LLC v. Kalyn Stephens, No. 1:15-cv-01032-TWT-JFK, N.D. Ga., Doc. 1.  While the dispossessory action was pending before this Court on Stephens' notice of removal, Stephens appeared for a hearing before the Magistrate Court of DeKalb County, after which Judge Corneil A. Stephens ordered that a Writ of Possession be issued on April 8, 2015, entered judgment setting the amount of rent, interest and utilities owed by Stephens, and dismissed Stephens' counterclaims without prejudice.  This Court did not have subject matter jurisdiction to review the dispossessory proceeding and remanded the action to DeKalb County Magistrate Court.  Stephens, No. 1:15-cv-01032-TWT, N.D. Ga., Docs. 5 and 6.

Plaintiff Kalyn Stephens ("Stephens") filed this action in DeKalb County Magistrate Court on March 4, 2015, before the above dispossessory proceeding was filed. Stephens v. HRTBY Arbors, LLC, No 15M51074, DeKalb County Georgia. [See Doc. 1-3]. The complaint names eight defendants and seeks $15,000 in damages plus interest, attorney fees and costs for the defendants' alleged egregious actions toward Plaintiff while a tenant at The Arbors Apartment Homes, also known as Madison at the Arbors, in Tucker, Georgia, resulting in Plaintiff's alleged "humiliation, embarrassment, emotional suffering and distress, economic loss, and loss of [her] civil rights . . . ." Id.  A hearing is scheduled in that action in the Magistrate Court of DeKalb County for April 25, 2015. [See Doc. 1-3 at 11]. Now pending before the court is Stephens' notice of removal of the action pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1443, filed on April 20, 2015.

"Removal statutes must be read narrowly to comply with congressional intention to restrict removal, and therefore, doubts about the propriety of removal should be resolved against removal." Fromknecht v. Brayson Devel. Corp., 734 F. Supp. 508, 509 (N.D. Ga. 1990) (citations omitted). "A due respect for state sovereignty and the independence of state courts demands that the federal courts exercise their right to remove cases properly before state courts only in strict

3

conformity with the removal authority granted by Congress." McCaslin v. Blue Cross and Blue Shield of Ala., 779 F. Supp. 1312, 1314 (N.D. Ala. 1991).

Twenty-eight U.S.C. § 1441(a) provides that "any action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the *defendant* or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added). And 28 U.S.C. §§ 1446(a) and 1443(a) authorize a state court *defendant* to remove a case to federal district court.

"No section, among the provisions governing the removal of actions to federal court, 'provides for removal by a plaintiff.'" Andis v. EMC Mortg. Corp., 2011 WL 3626673, at *2 (M.D. Ga. August 17, 2011) (quoting Yun Fei Xiao v. City of New York, 2010 WL 286684 at *2 (S.D. N.Y. January 25, 2010)). See also Hurt-Whitmire v. Georgia, 2010 WL 23318, at *2 (N.D. Ga. January 4, 2010) (holding that plaintiff could not remove an action based on 28 U.S.C. § 1443).

For the above reasons and authority, Stephens, the Plaintiff in this action, cannot remove the action to federal court.

The undersigned therefore **RECOMMENDS** that this action be **REMANDED** to the Magistrate Court of DeKalb County, Action No. 15D041243.

AO 72A
(Rev.8/82)

The court **FURTHER RECOMMENDS** that Stephens be warned that additional attempts to remove a dispossessory action as to the same property or to remove Plaintiff's complaint in the Magistrate Court or any appeal therefrom to the District Court may result in the imposition of sanctions as it would indicate a disregard of the Court's orders in <u>Stephens</u>, No. 1:15-cv-01032-TWT, N.D. Ga., and in this action.

The Clerk is **DIRECTED** to terminate the reference of this action to the undersigned.

**SO RECOMMENDED**, this 22nd day of April, 2015.

_____
JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)